# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

FABIAN WHITAKER,
  Plaintiff

  vs

OFFICER GANNON,
  Defendant.

Case No. 1:07-cv-521

Dlott, J.

**ORDER**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this prisoner civil rights action under 42 U.S.C. § 1983. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(1-2). A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff, who is proceeding pro se, brings this action against SOCF Officer Gannon. Plaintiff alleges that in March of 2006, while he was being escorted to disciplinary segregation, Officer Gannon fractured plaintiff's thumb. Plaintiff alleges he did not receive treatment for his injury until December 2006 when he went to the Corrections Medical Center in Columbus, Ohio. Plaintiff seeks $800,000.00 in damges.

For the reasons set forth below, the Court dismisses this action without prejudice because it is apparent from the face of the complaint that the action was prematurely commenced by plaintiff prior to exhaustion of his administrative remedies.

Under 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act (PLRA), a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion under the PLRA is mandatory and unexhausted claims cannot be brought in federal court. *Jones v. Bock*, 127 S.Ct. 910, 919 (2007); *Woodford v. Ngo*, 126 S.Ct. 2378, 2382 (2006). In *Jones*, the United States Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 921 (overruling Sixth Circuit precedent to the contrary). While focusing on

2

the pleading standard for 42 U.S.C. § 1997e exhaustion, the *Jones* Court also gave guidance to lower federal courts in screening prisoner complaints under 28 U.S.C. § 1915A. The Supreme Court noted that its ruling does not mean that prisoner complaints will never be subject to *sua sponte* dismissal for failure to exhaust administrative remedies:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim *depends on whether the allegations in the complaint suffice to establish that ground*, not on the nature of the ground in the abstract. See *Leveto v. Lapina*, 258 F.3d 156, 161 (3rd Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face" (internal quotation marks omitted)). *See also Lopez-Gonzalez v. Municipality of Comerio*, 404 F.3d 548, 551 (1st Cir. 2005) (dismissing a complaint barred by the statute of limitations under Rule 12(b)(6)); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74-75 (2nd Cir. 1998) (dismissing a complaint barred by official immunity under Rule 12(b)(6)). *See also* 5B C. Wright & A. Miller, Federal Practice and Procedure § 1357, pp. 708-710, 721-729 (3d ed. 2004).

*Id.* at 920-21 (emphasis added). Thus, even though exhaustion of administrative remedies need not be pled specifically in the complaint, where it is apparent from the face of the complaint that an inmate has failed to exhaust the prison grievance procedure *sua sponte* dismissal is appropriate on initial review for failure to state a claim upon which relief may be granted. *See Spaulding v. Oakland County Jail Medical Staff*, 2007 WL 2336216, *3 (E.D. Mich. 2007) (applying *Jones* and dismissing complaint on initial screening for failure to exhaust because it was clear from the face of the complaint that the prisoner had not exhausted his administrative remedies prior to filing suit); *Ghosh v. McClure*, 2007 WL 400648, at *6 n. 3 (S.D. Tex. 2007) ("Nothing in the Supreme Court's decision in *Jones* precludes a reviewing court from raising the

issue of exhaustion *sua sponte* or dismissing the complaint without service on the defendants where the pleadings and the record confirm that a prisoner has violated 42 U.S.C. § 1997e(a) by failing to exhaust his remedies before filing suit."). *See also Tanner v. Fed. Bureau of Prisons*, 475 F. Supp.2d 103, 105 (D.D.C. 2007); *Leary v. A.R.U.S. Conerly*, 2007 WL 1218952 (E.D. Mich. 2007); *Funk v. Washburn*, 2007 WL 1747384, *1 (M.D. Fla. 2007).

In this case, by his own allegations, plaintiff admits he did not exhaust his administrative remedies prior to bringing suit. In response to the question, "Did you present the facts relating to your complaint in this state prisoner grievance procedure?", plaintiff responded, "No." (Complaint at 3). In explaining why he did not pursue the prison grievance procedure, plaintiff states, "Because I know that staff lies for each other in this institution because they've done so in the past." (*Id.*).

Plaintiff's complaint conclusively shows that his lawsuit is barred by the PLRA's exhaustion requirement as the statute has been interpreted by the United Supreme Court. By his own admission on the face of the complaint, plaintiff failed to exhaust his administrative remedies in accordance with the prison grievance procedure set forth in the Ohio Administrative Code. Because the affirmative defense appears on the face of the complaint and suffices to establish the existence of the defense, *Jones*, 127 S.Ct. at 920-21, plaintiff's complaint is subject to *sua sponte* dismissal for failure to state a claim for relief.

Since the dismissal in this matter is without prejudice, plaintiff is free to re-file his complaint after he has completed the exhaustion process. Plaintiff is reminded that should he choose to do so, he is excused from paying the filing fee so long as the complaint raises the same allegations as contained in this action. *See Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006).

4

Plaintiff is notified that he is not permitted to amend the instant complaint to allege and show exhaustion. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).

Therefore, it is hereby **ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

Susan J. Dlott, Judge
United States District Court